IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA ARAGON LIMA<br>836 Bonifant Street<br>Silver Spring, Maryland 20910<br><br>    PLAINTIFF<br><br>v.<br><br>GTV DELIVERY, LLC<br>GEORGETOWN VALET<br>2501 Wisconsin Avenue, NW<br>Suite 209<br>Washington, DC 20007<br><br>SERVE: Hyo Whang<br>2501 Wisconsin Avenue, NW<br>Suite 209<br>Washington, DC 20007<br><br>    DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Brenda Aragon Lima ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant GTV Delivery, LLC d/b/a Georgetown Valet ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland.

2. By participating as named plaintiff in this action, Plaintiff hereby consents

to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Defendant is a limited liability company formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

4. At all times relevant, Defendant operated continuously as a business entity in the District of Columbia.

5. More than 50% of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

6. At all times Defendant used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and at least two other employees of Defendant were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes of the FLSA, DCMWA, and DCWPA.

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or

proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Plaintiff was employed by Defendant to perform dry cleaning related job duties for the time period of about September 2013 through about November 3, 2015.

12. During the period of Plaintiff's employment, Defendant paid Plaintiff a flat weekly salary in the amount of Four Hundred Fifty-Five Dollars ($55.00) per week, paid partially by check (bout $305.00 by check) and partially by cash (about $150.00 in cash).

13. While employed, Plaintiff performed no managerial duties.

14. All duties Plaintiff performed were in the form of manual labor related to dry cleaning and were under the strict supervision and exacting direction of Defendant.

15. While employed, Plaintiff regularly worked more than forty (40) hours per week.

16. At no time did Defendant and Plaintiff discuss that Plaintiff's salary was intended to pay Plaintiff at a separate non-overtime rate and at a premium overtime rate for hours worked per week in excess of forty (40).

17. While employed, Plaintiff's exact weekly hours varied from week to week.

18. Typically, Plaintiff worked at or about fifty (50) hours per week.

19. At no time did Defendant pay Plaintiff any extra or additional wages for overtime hours worked each week in excess of forty (40).

20. At no time did Defendant ever pay Plaintiff at the Federal and District of Columbia required overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

21. At all times, Defendant had actual knowledge of the Federal and District of Columbia overtime pay requirement.

22. At all times, Defendant had actual knowledge that it was required to pay Plaintiff at the time-and-one-half rate for hours worked each week in excess of forty (40).

23. At all times, Defendant had actual knowledge that its failure to pay Plaintiff overtime wages as required by Federal and District of Columbia law was in violation of Federal and District of Columbia law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

24. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

25. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

26. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

27. Defendant, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours

worked per week in excess of forty (40).

28. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours each week.

29. As set forth above, Defendant failed to pay Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

30. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, liquidated damages as provided by District of Columbia law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

31. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

32. Plaintiff was Defendant's "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

33. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

34. As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours each week.

35. As set forth above, Defendant failed to compensate Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

36. Defendant's failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
## DCWPA

37. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

38. Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCWPA.

39. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

40. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

41. Plaintiff performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

6

42. Defendant owes Plaintiff wages for work duties performed as set forth above.

43. Defendant's failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

44. Defendant's failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
### (VIOLATION OF 26 U.S.C. § 7434)

45. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

46. In addition to the unpaid wages, Plaintiff has a valid claim against Defendant under 26 U.S.C. § 7434.

47. 26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

48. To state a claim for relief under 26 U.S.C. § 7434, Plaintiff must allege facts to prove (1) that Defendant issued an information return; (2) the information return

7

was fraudulent or false; and (3) that Defendant willfully or knowingly issued the fraudulent or false information return.

49. Defendant issued Plaintiff an IRS Form W-9 or IRS Form W-2 for each tax year while Plaintiff was in Defendant's employ.

50. Issuing an IRS Form W-2 or 1099 constitutes issuing an information return.

51. At all times, Defendant paid Plaintiff partially by check and partially by cash.

52. The only income that Defendant listed and identified on Plaintiff's information returns was the money paid by check and never the money paid by cash.

53. At all times, Defendant knew it should have issued Plaintiff information returns that included all wages paid including all check wages paid and all cash wages paid.

54. At all times, Defendant had actual knowledge that the wages identified on the information returns were false.

55. Defendant acted willfully to issue fraudulent and false IRS information returns to Plaintiff so (1) to avoid paying the employer share of FICA and related employer tax withholdings; and (2) to reduce overhead and gain an unfair competitive advantage against industry competitors that adhere to their employer related tax obligations.

WHEREFORE, Defendant is liable to Plaintiff under Count IV in the amount of statutory damage of $5,000.00 for each fraudulent information return issued, plus

reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. MD17291
Jason D. Friedman, Bar No. MD18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com
       jfriedman@zagfirm.com

*Counsel for Plaintiff*